1  GEORGE A. ZELCS (*pro hac vice*)
   gzelcs@koreintillery.com
2  **KOREIN TILLERY, LLC**
   205 North Michigan, Suite 1950
3  Chicago, IL 60601
   Telephone: (312) 641-9750
4  Facsimile: (312) 641-9751

5  KARMA M. GIULIANELLI (SBN 184175)
   karma.giulianelli@bartlitbeck.com
6  GLEN E. SUMMERS (SBN 176402)
   glen.summers@bartlitbeck.com
7  JAMESON R. JONES (*pro hac vice pending*)
   Jameson.jones@bartlitbeck.com
8  **BARTLIT BECK LLP**
   1801 Wewetta St. Suite 1200,
9  Denver, Colorado 80202
   Telephone: (303) 592-3100
10 Facsimile:  (303) 592-3140

11 *Counsel for Plaintiffs and the Proposed Class*
12 *in Carr v. Google LLC, et al.*

13 STEVE W. BERMAN (*pro hac vice*)
   steve@hbsslaw.com
   **HAGENS BERMAN SOBOL SHAPIRO**
14 **LLP**
15 1301 Second Ave., Suite 2000
   Seattle, WA 98101
16 Telephone: (206) 623-7292
   Facsimile: (206) 623-0594

17 *Counsel for Plaintiffs and the Proposed Class*
18 *in Pure Sweat Basketball, Inc. v. Google LLC,*
   *et al.*

19 BONNY E. SWEENEY (SBN 176174)
   bsweeney@hausfeld.com
20 **HAUSFELD LLP**
21 600 Montgomery Street, Suite 3200
   San Francisco, CA 94104
22 Telephone: (415) 633-1908
   Facsimile: (415) 358-4980

23 *Counsel for Plaintiffs and the Proposed Class*
24 *in Peekya App Services, Inc. v. Google LLC, et*
   *al.*

25
26 [Additional counsel appear on signature page]

27
28

PEGGY J. WEDGWORTH (*pro hac vice*)
pwedgworth@milberg.com
**MILBERG PHILLIPS GROSSMAN**
**LLP**
One Penn Plaza, Suite 1920
New York, New York 10119
Telephone: 212-594-5300
Facsimile: 212-868-1229

*Counsel for Plaintiffs and the Proposed*
*Class in Bentley v. Google LLC, et al.*

PAUL J. RIEHLE (SBN 115199)
paul.riehle@faegredrinker.com
**FAEGRE DRINKER BIDDLE &**
**REATH LLP**
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

CHRISTINE A. VARNEY (*pro hac vice*)
cvarney@cravath.com
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Plaintiff Epic Games, Inc. in*
*Epic Games, Inc. v. Google LLC, et al.*

BRIAN C. ROCCA (221576)
brian.rocca@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Telephone: (415) 442-1000
Facsimile: (415) 442-1001

*Counsel for Defendants Google LLC,*
*Google Ireland Limited, Google*
*Commerce Ltd., Google Asia Pacific Pte.*
*Ltd. and Google Payment Corp.*

STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF
DISCOVERY
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br>    *Plaintiff,*<br><br>       v.<br><br>GOOGLE LLC et al.,<br>    *Defendants.* | Case No. 3:20-cv-05671-JD |
| BENTLEY, et al.,<br>    *Plaintiffs,*<br><br>       v.<br><br>GOOGLE LLC et al.,<br>    *Defendants.* | Case No. 4:20-cv-07079-DMR |
| MARY CARR, et al.,<br>    *Plaintiffs,*<br><br>       v.<br><br>GOOGLE LLC et al.,<br>    *Defendants.* | Case No. 3:20-cv-05761-JD |
| PURE SWEAT BASKETBALL, INC., et. al,<br>    *Plaintiffs,*<br><br>       v.<br><br>GOOGLE LLC et al.,<br>    *Defendants.* | Case No. 3:20-cv-05792-JD |
| PEEKYA APP SERVICES, INC., et. al,<br>    *Plaintiffs,*<br><br>       v.<br><br>GOOGLE LLC et al.,<br>    *Defendants.* | Case No. 3:20-cv-06772-JD<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY**<br><br>Judge:  Hon. James Donato |

Plaintiffs in the above-captioned actions (the "Related Actions"), consisting of Plaintiffs in *Mary Carr, et al. v. Google LLC, et al.*, Case No. 3:20-cv-05761-JD ("Carr Plaintiffs"), *Bentley et al. v. Google LLC et al.*, No. 4:20-cv-07079-DMR ("Bentley Plaintiffs" and, together with Carr Plaintiffs, Consumer Plaintiffs), *Pure Sweat Basketball, Inc., et al. v. Google LLC, et al.*, Case No. 3:20-cv-05792-JD ("PSB Plaintiffs"), *Peekya App Services., Inc. v. Google LLC et al.*, Case No. 3:20-cv-06772-JD  ("Peekya Plaintiffs" and, together with PSB Plaintiffs, Developer Plaintiffs) and *Epic Games Inc. v. Google LLC, et al.*, Case No. 3:20-cv-05671-JD ("Epic" and, together with Consumer Plaintiffs and Developer Plaintiffs, the "Plaintiffs"), and the Google Defendants[1] in the Related Actions, Google LLC; Google Ireland Limited; Google Commerce Ltd.; Google Asia Pacific Pte. Ltd.; and Google Payment Corp. (collectively "Google"; each of the Consumer Plaintiffs, the Developer Plaintiffs, Epic and Google will be referred to as a "Party" and, all four groups collectively shall be referred to as the "Parties"), by and through their respective counsel, hereby agree as follows:

　　　　1.　Counsel for the Parties shall identify primary discovery contacts at their respective firms for the purpose of sending and receiving communications related to discovery in the Related Actions (hereafter, "the Discovery Liaison Counsel"), which may be updated from time to time. The Parties agree that all discovery documents, productions and correspondence may be served on any Party by way of email to its Discovery Liaison Counsel.

　　　　2.　Plaintiffs shall coordinate discovery efforts to the fullest extent reasonably possible to minimize expense and facilitate the orderly and efficient progress of the Related Actions. Plaintiffs shall consult with each other and with Google in good faith and engage in reasonable efforts to coordinate discovery and jointly resolve any disputes concerning discovery they seek from Google, so as to avoid duplication and unnecessary burden.  To the extent discovery is

---

[1] Not all Google entities have been served in each of the actions.  The use of the definition "Google Defendants" or "Google" does not constitute a waiver of service as to any particular defendant.

-3-
STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF DISCOVERY
Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

served by any Plaintiff, such Plaintiff shall make reasonable efforts to avoid duplicating discovery requests previously served by any other Plaintiffs.

3.  Discovery requests, discovery responses, and discovery produced by Parties in any of the Related Actions shall be served simultaneously on all Parties.  Production of a document in one of the Related Actions will be deemed a production of that document in all Related Actions.

4.  The Parties are not yet prepared to propose limits on the number of depositions that the Parties may notice of other Parties.  To the extent feasible, and except for good cause shown, witnesses should be deposed only once.  All Parties in the Related Actions who wish to question an adverse or non-party witness must issue a deposition notice and should participate in a single deposition of that witness.  For any Fed. R. Civ. P. 30(b)(1) witness whose deposition will take place pursuant to notice by two or more of the Parties, the deposition will be limited to 10 hours and will be completed in a single day or two consecutive days.  In the event that Google notices a deposition of any of the adverse Parties (or an employee of any of the adverse Parties) and another of the Parties also notices the same witness for deposition, Google shall be entitled to 7 of the 10 hours, unless otherwise stipulated or ordered by the Court.  For any other witness whose deposition will take place pursuant to notice by only one Party (i.e., by only one of Google, Consumer Plaintiffs, Developer Plaintiffs or Epic) pursuant to Fed. R. Civ. P. 30(b)(1), the witness's deposition will be limited to one day of seven hours, unless otherwise stipulated or ordered by the Court or otherwise agreed to by the Parties.  If a witness/designee (i.e., the same person) is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R. Civ. P. 30(b)(6), unless otherwise stipulated, the witness/designee should sit for a single session, with multiple days being scheduled consecutively to the extent possible.  The Parties shall make reasonable efforts to disclose topics under Fed. R. Civ. P. 30(b)(6) prior to commencing depositions under Fed. R. Civ. P. 30(b)(1).  The Parties further acknowledge that this paragraph does not specify the overall time limit for deposing a person who is to testify pursuant to both Fed. R. Civ. P. 30(b)(1) and Fed. R.

1  Civ. P. 30(b)(6).  The Parties must coordinate in good faith regarding deposition noticing and

2  scheduling.

3        5.  There is no limit on the number of non-party depositions in the Related Actions.

4        6.  Plaintiffs shall make a reasonable effort to include representatives from Epic,

5  Developer Plaintiffs and Consumer Plaintiffs at all discovery meet and confers regarding common

6  issues.

7        7.  Before serving discovery on non-parties (whether a document request,

8  deposition notice, or other), the Parties shall each consider whether the request may reasonably be

9  served by joint subpoena with some or all of the other Parties.  Any of the Parties that serves a

10  discovery request on a non-party and receives responsive discovery materials shall provide or

11  make available a copy of such materials to all other Parties within four business days after receipt

12  of such materials from the non-party, including a written summary of any modification agreed to

13  concerning the scope of the original requests.

14        8.  All disclosures made pursuant to Fed. R. Civ. P. 26(a) (i.e., initial disclosures

15  and expert disclosures, and supplements thereto) shall be served on all Parties.

16        9.  Epic, the group of Consumer Plaintiffs, and the group of Developer Plaintiffs

17  will each be permitted to serve no more than 25 requests for admission (not including requests for

18  admission directed solely at authentication of documents) on Google, and Google will be

19  permitted to serve no more than 25 requests for admission (not including requests for admission

20  directed solely at authentication of documents) on each of Epic, the group of Consumer Plaintiffs,

21  and the group of Developer Plaintiffs.  For the avoidance of doubt, "Google" in this paragraph

22  refers to the group of Google Defendants.

23        10.  Epic, the group of Consumer Plaintiffs, and the group of Developer Plaintiffs

24  will each be permitted to serve no more than 20 interrogatories on Google, and Google will be

25  permitted to serve no more than 25 interrogatories on each of Epic, the group of Consumer

26  Plaintiffs, and the group of Developer Plaintiffs.  For the avoidance of doubt, "Google" in this

27  paragraph refers to the group of Google Defendants.

28

1    11.  Barring further order of the Court on good cause shown, any cases that are

2    subsequently related to the Related Actions are to be bound by these protocols governing the

3    coordination of discovery, as well as any current or future stipulations regarding ESI and expert

4    discovery agreed upon by the Parties.

5    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

6

7    Dated:  October 22, 2020               CRAVATH, SWAINE & MOORE LLP
                                            Christine Varney
                                            Katherine B. Forrest
8                                           Gary A. Bornstein
                                            Yonatan Even
9                                           Laurent A. Moskowitz
                                            M. Brent Byars
10

11                                          Respectfully submitted,

12                                          By:    /s/  *Yonatan Even*
                                                   Yonatan Even
13

14                                          *Counsel for Plaintiff Epic Games, Inc.*

15   Dated:  October 22, 2020               KOREIN TILLERY, LLC
                                            George A. Zelcs
16                                          Robert E. Litan
                                            Randall P. Ewing, Jr.
17                                          Jonathan D. Byrer
                                            Stephen M. Tillery
18                                          Michael E. Klenov
                                            Carol L. O'Keefe
19
                                            BARTLIT BECK LLP
20                                          Karma M. Giulianelli
                                            Glen E. Summers
21                                          Jameson R. Jones

22

23                                          Respectfully submitted,

24                                          By:    /s/  *Jamie L. Boyer*
                                                   Jamie L. Boyer
25
                                            *Counsel for Plaintiffs and the Proposed*
26                                          *Class in Carr v. Google LLC et al.*

27

28

1   Dated:  October 22, 2020                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                              Robert F. Lopez
2                                             Benjamin J. Siegel

3                                             Respectfully submitted,

4                                             By:   /s/  *Steve W. Berman*
                                                    Steve W. Berman
5
                                              *Counsel for Plaintiffs and the Proposed*
6                                             *Class in Pure Sweat Basketball v. Google*
                                              *LLC et al.*
7

8
    Dated:  October 22, 2020                  MILBERG PHILLIPS GROSSMAN LLP
9                                             Peggy J. Wedgworth
                                              Robert A. Wallner
10                                            Elizabeth McKenna
                                              Blake Yagman
11                                            Michael Acciavatti

12                                            Respectfully submitted,

13                                            By:   /s/  *Peggy J. Wedgworth*
                                                    Peggy J. Wedgworth
14
                                              *Counsel for Plaintiffs and the Proposed*
15                                            *Class in Bentley, et al. v. Google LLC et al.*

16

17
    Dated:  October 22, 2020                  HAUSFELD LLP
18                                            Bonny E. Sweeney
                                              Melinda R. Coolidge
19                                            Katie R. Beran
                                              Samantha J. Stein
20                                            Scott A. Martin
                                              Irving Scher
21

22                                            Respectfully submitted,

23                                            By:   /s/  *Bonny E. Sweeney*
                                                    Bonny E. Sweeney
24
                                              *Counsel for Plaintiffs and the Proposed*
25                                            *Class in Peekya App Services, Inc. v.*
                                              *Google LLC et. al*
26

27
                                        -7-
28   STIPULATION AND [PROPOSED] ORDER REGARDING COORDINATION OF
                                    DISCOVERY
         Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD

1

2    Dated:  October 22, 2020                    MORGAN, LEWIS & BOCKIUS LLP
                                                 Sujal J. Shah
3                                                Michelle Park Chiu
                                                 Minna Lo Naranjo
4                                                Rishi P. Satia

5                                                Respectfully submitted,

6                                                By:    /s/  *Brian C. Rocca*
                                                      Brian C. Rocca
7
                                                 *Counsel for Defendant Google LLC et. al*
8

9

10   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

11

12   DATED:   November 10, 2020              _____
                                            HON. JAMES DONATO
13                                          United States District Judge

14

15

16

17

18                              **E-FILING ATTESTATION**

19          I, Gary A. Bornstein, am the ECF User whose ID and password are being used to

20   file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

21   signatories identified above has concurred in this filing.

22

23                                               /s/  *Yonatan Even*
                                              _____
                                                   Yonatan Even
24

25

26

27

28
                                          -8-
     STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING COORDINATION OF
                                      DISCOVERY
          Case Nos.: 3:20-cv-05671-JD; 3:20-cv-05761-JD; 3:20-cv-05792-JD